**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 07-cv-01098-REB-MJW

STEVE STUMBO,

    Plaintiff,

v.

DOUBLE BULL ARCHERY, LLC,

    Defendant.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

This matter is before me on **Defendant Double Bull, LLC's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (c)** [#43], filed May 15, 2008. The plaintiff filed a response [#55] and the defendant filed a reply [#58]. I deny the motion.[1]

## I. JURISDICTION

I have jurisdiction under 28 U.S.C. § 1332 (diversity).

## II. STANDARD OF REVIEW & ANALYSIS

The purpose of a summary judgment motion is to assess whether trial is necessary. **White v. York Int'l Corp.**, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings,

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* FED. R. CIV. P. 56(c) and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motion is satisfied by court's review of documents submitted by parties).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

I have reviewed carefully the parties' briefs concerning the motion for summary judgment and the evidence cited by the parties. I find that there are one or more genuine issues of material fact relating to the plaintiff's sole claim for breach of contract. Even if I assume *arguendo* that the defendant may be entitled to judgment on some aspects of this claim, it is not mandatory that I grant partial summary judgment on discreet aspects of the plaintiff's claim. **See *Powell v. Radkins*,** 506 F.2d 763, 765 (5th Cir.), *cert. denied*, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The piecemeal resolution of the issues raised in the motion for summary judgment will not significantly simplify or extenuate the evidence at trial.

## III. ORDER

**THEREFORE, IT IS ORDERED** that **Defendant Double Bull, LLC's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (c)** [#43], filed May 15, 2008, is **DENIED**.

Dated July 10, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge